ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email: swanise@gtlaw.com

CHRISTOPHER J. NEUMANN, ESQ.*
*Admitted Pro Hac Vice*
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Email:  neumannc@gtlaw.com

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RUTHANN JOHNSTON,<br><br>Plaintiff,<br><br>v.<br><br>C. R. BARD, INCORPORATED and BARD PERIPHERAL VASCULAR, INCORPORATED,<br><br>Defendants. | CASE NO. 3:20-cv-00069-MMD-BNW<br><br>**STIPULATION AND ORDER TO EXTEND STAY OF DISCOVERY AND ALL PRETRIAL DEADLINES (THIRD REQUEST)** |

Plaintiff Ruth Ann Johnston ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants" and collectively with Plaintiff, the "Parties"), pursuant to Fed. R. Civ. P. 26(c) and (d) and LR IA 6-1, respectfully request that this Court temporarily stay discovery and all pretrial deadlines, as set forth in the revised Discovery Plan (Dkt. 56), until **May 27, 2021** while the Parties finalize settlement. In support thereof, the Parties state as follows:

/ / /

1

1. This case was part of the Multi-District Litigation proceeding *In re: Bard IVC Filters Product Liability Litigation*, pending before Senior Judge David Campbell of the District of Arizona.

2. Plaintiff alleges experiencing complications following the implantation of a Bard Inferior Vena Cava ("IVC") filter, a prescription medical device. She has asserted three strict products liability counts (manufacturing defect, information defect (failure to warn) and design defect), six negligence counts (design, manufacture, failure to recall/retrofit, failure to warn, negligent misrepresentation and negligence per se), two breach of warranty counts (express and implied), two counts sounding in fraud (fraudulent misrepresentation and fraudulent concealment), an unfair and deceptive trade practices count, and a claim for punitive damages.

3. Defendants deny Plaintiff's allegations.

4. After four years, the completion of general issue discovery, and the conduct of three bellwether trials, Judge Campbell ordered that cases, which were not settled or were not close to settling, be transferred or remanded to the appropriate jurisdictions around the country for case-specific discovery and trial. As a part of that process, he established a "track" system, wherein certain cases were placed on tracks either to finalize settlement paperwork, continue settlement negotiations, or be remanded or transferred.

5. This case was transferred to this Court on January 11, 2019 because at the time it was not close to settling. But, since that date, the Parties have engaged in further settlement discussions and have reached a global settlement in principle of this and other cases involving Bard Inferior Vena Cava filters that have been filed across the nation, and a settlement agreement is in place. The Parties have been working diligently and in good faith to finalize all terms and payments pursuant to that settlement.

6. The Parties report that they continue to work diligently toward finalizing the settlement by working to obtain releases and resolve liens, but due to complexity and volume, they anticipate that completion of the settlement process will take approximately 90 days. Accordingly, the Parties request a 90-day extension of the stay in this matter.

7. The Parties are waiting on final paperwork from this Plaintiff and many others, to complete the settlement process.

8. Neither party will be prejudiced by this extension and this will prevent unnecessary expenditures of the Parties and of judicial resources.

9. Accordingly, the Parties request that this Court issue an order staying discovery and pretrial deadlines until **May 27, 2021** to allow the Parties time to finalize settlement. This will prevent unnecessary expenditures of the Parties and judicial resources as well as place this case on a similar "track" as the MDL cases Judge Campbell determined should continue settlement dialogue.

10. A district court has broad discretion over pretrial discovery rulings. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *accord Republic of Ecuador v. Hinchee,* 741 F.3d 1185, 1188-89 (11th Cir. 2013); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.,* 755 F.3d 832, 837 (7th Cir. 2014); *see also Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice.").

11. Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope of discovery or control its sequence. *Britton*, 523 U.S. at 598. Although settlement negotiations do not automatically excuse a party from its discovery obligations, the parties can seek a stay prior to the cutoff date. *Sofo v. Pan-Am. Life Ins. Co.,* 13 F.3d 239, 242 (7th Cir. 1994); *see also, Wichita Falls Office Assocs. v. Banc One Corp.,* 978 F.2d 915, 918 (5th Cir. 1993) (finding that a "trial judge's decision to curtail discovery is granted great deference," and noting that the discovery had been pushed back a number of times because of pending settlement negotiations).

12. Facilitating the efforts of parties to resolve their disputes weighs in favor of granting a stay. In *Coker v. Dowd*, 2:13-cv-0994-JCM-NJK, 2013 U.S. Dist. LEXIS 201845, at *2-3 (D. Nev. July 8, 2013), the parties requested a 60-day stay to facilitate ongoing settlement negotiations and permit them to mediate global settlement. The Court granted the stay, finding the parties would be prejudiced if required to move forward with discovery at that time and a stay would potentially prevent an unnecessary complication in the case. *Id*. at *3. Here, the Parties have reached a settlement in principle.

13. The Parties agree that the relief sought herein is necessary to handle the case in the most economical fashion and to ensure that the Court's time and resources are not expended on a

matter that may not remain on its docket, yet will allow sufficient time to finalize settlement in this matter.

**WHEREFORE**, Plaintiff and Defendants respectfully request the Court's approval of this stipulation to stay discovery and all pretrial deadlines until **May 27, 2021** to allow the Parties to finalize settlement.

**IT IS SO STIPULATED.**

Dated this 26th day of February 2021.

| DALIMONTE RUEB STOLLER, LLP | GREENBERG TRAURIG, LLP |
|---|---|
| By: /s/ Gregory D. Rueb<br>GREGORY D. RUEB, ESQ.<br>*Admitted Pro Hac Vice*<br>515 S. Figueroa Street, Suite 1550<br>Los Angeles, California 90071<br>greg@drlawllp.com<br><br>BRIAN D. NETTLES, ESQ.<br>NETTLES MORRIS<br>1389 Galleria Drive, Suite 200<br>Henderson, Nevada 89014<br>brian@nettlesmorris.com<br><br>*Counsel for Plaintiff* | By: /s/ Eric W. Swanis<br>ERIC W. SWANIS, ESQ.<br>Nevada Bar No. 6840<br>10845 Griffith Peak Drive<br>Suite 600<br>Las Vegas, Nevada 89135<br><br>CHRISTOPHER NEUMANN, ESQ.*<br>*\*Admitted Pro Hac Vice*<br>1144 15th Street, Suite 3300<br>Denver, Colorado 80202<br>neumannc@gtlaw.com<br><br>*Counsel for Defendants* |

**IT IS SO ORDERED.**

/s/ Brenda Weksler

BRENDA WEKSLER
United States Magistrate Judge

Dated March 3, 2021.

4